T.C. Memo. 2011-176

UNITED STATES TAX COURT

MICHAEL J. HOGAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14581-06L.                    Filed July 25, 2011.

<u>Lance A. Gildner</u>, for petitioner.

<u>Terry Serena</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  This case is before us on petitioner's motion
for recovery of reasonable litigation costs under Rule 231,[1] to
which respondent objects.  For the reasons explained herein, we

_____

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code, as amended.

will deny petitioner's motion.  We will begin with a full exposition of the history of this case.

## Background

Michael J. Hogan was a resident of Ohio when the petition was filed.  This is a collection case involving a proposed levy to collect income tax liabilities for the years 1984, 1989, 1991, and 1994 through 2000.

Some of the years in the present collection case were the subject of a deficiency case docketed in this Court in 2003 and settled in June 2005--docket No. 20796-03.  An agreed decision in docket No. 20796-03 was entered pursuant to a stipulation executed by Mr. Hogan, who appeared pro se, and the Commissioner's representative.  The effect of the decision was that deficiencies in income tax and additions to tax were decided for 1993, 1994, and 1996, and an addition to tax under section 6663(a) was decided for 1995.  The stipulation stated that credits for overpayments for 1989, 1990, 1991, and 1992 were barred by the statute of limitations.

Turning to the present collection case, a final notice of intent to levy (final notice) was issued on March 1, 2004.  The total liability reflected in the final notice was $473,337.52, for the years previously referenced herein.  Mr. Hogan, acting pro se, timely sought an administrative hearing asserting that "Tax returns for appropriate years need to be amended."  On

February 12, 2004, the month before the final notice, Mr. Hogan had filed a delinquent return for 2001 showing income tax due. The collection hearing process began, and in the course of that process Mr. Hogan filed an amended tax return for 2001 using Form 1040X, Amended U.S. Individual Income Tax Return, and also filed Form 1045, Application for Tentative Refund, both on April 15, 2005. In these two forms, Mr. Hogan sought to assert a net operating loss (NOL) for 2001 of $1,714,840, and carry that loss back to 1998, 1999, and 2000.

At the Appeals Office conference, Mr. Hogan offered to pay the income taxes due plus half of the interest. However, the Appeals Office found no cause for allowing a reduction of the interest charges.

In a notice of determination issued on July 10, 2006, the Appeals Office sustained the enforcement of the levy, finding Mr. Hogan had neither paid the amounts due nor raised any acceptable collection alternatives to enforced collection.

Mr. Hogan subsequently sought and was granted an audit reconsideration for the sole purpose of determining whether he was entitled to an NOL for the 2001 tax year.

On July 31, 2006, during the audit reconsideration, Mr. Hogan timely filed a petition with this Court raising the same contention as that made in his collection due process hearing-- that the NOL from the 2001 amended return, when applied to the

available carryback years, would generate overpayments that "exceeded the amount of the Petitioner's outstanding tax liability to the Internal Revenue Service".

The audit reconsideration resulted in a number of adjustments, including a determination that Mr. Hogan had an NOL for 2001 of $1,696,840, which was reflected on Form 4549, Income Tax Examination Changes, dated September 26, 2006.  The audit reconsideration, however, did not determine to the satisfaction of the Appeals Office whether, or to what extent, the loss could be carried back to other periods.  Although Mr. Hogan did file a Form 1045 for 2001 on April 15, 2005, it was deemed untimely for claiming a tentative allowance.  See section 6411(d)(1)(B) and the discussion hereinafter.

On September 14, 2007, the parties jointly filed a motion for remand for the sole purpose of allowing the Appeals Office to consider Mr. Hogan's NOL claim for 2001; the Court granted the motion, and the case was remanded to the Appeals Office on September 17, 2007.

On November 30, 2007, Mr. Hogan submitted to the Appeals Office via facsimile amended Forms 1040X claiming refunds for the years 1996 through 2000.  The executed originals of these documents were provided to respondent's counsel in June 2008.  Respondent proffers that this was the first record of Mr. Hogan's submitting refund claims for all of the carryback years and also

the first time that Mr. Hogan provided any basis for the refunds, notwithstanding the Form 1045 Mr. Hogan had previously submitted.

On March 3, 2008, Mr. Hogan faxed a copy of Form 872, Consent to Extend the Time to Assess Tax, to respondent with respect to the tax year 2001.  The Form 872 had previously been executed, but was not found by respondent during the negotiations to resolve this case in early 2008.  This extension allowed until December 31, 2008, for the submission of a claim for credit or refund.

On March 17, 2008, a supplemental notice of determination was issued to Mr. Hogan allowing the NOL for 2001 to be carried back to the tax years 1996 through 2000.[2]  However, in the supplemental notice of determination, the Appeals Office limited the refund amount to $2,672, asserting that any remaining overpayments were barred by the statute of limitations under section 6511(c), and sustained the levy action.  Following the supplemental notice of determination, respondent determined that Mr. Hogan's refund claims should not be limited under section 6511(c).  As a result, respondent abated $387,230 in tax and interest on May 5 and 12, 2008, for the years 1996 through 2000, thus creating overpayments for these years.

---

[2]Under sec. 172(b)(1)(H), the carryback period for 2001 and 2002 was 5 years.  Job Creation and Worker Assistance Act of 2002, Pub. L. 107-147, sec. 102(a), 116 Stat. 25.

On December 31, 2008, Mr. Hogan and respondent stipulated that Mr. Hogan was entitled to a credit or refund of $1,755.13, plus interest from January 1, 2001.  Respondent transferred that amount to Mr. Hogan's account for the tax year 1984.  On April 23, 2009, respondent refunded $271,216.33 to Mr. Hogan.  During this same time respondent also released one or more Federal tax liens and abated additional tax, interest, and penalties for the years at issue in this case.

## Discussion

### I.  Statutory Framework

Section 7430(a) provides that the prevailing party in any administrative or court proceeding may be awarded a judgment for (1) reasonable administrative costs incurred in connection with such an administrative proceeding within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such a court proceeding.  Corson v. Commissioner, 123 T.C. 202, 205 (2004); Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 436 (1997).  In addition to being the prevailing party, to receive an award of reasonable litigation costs a taxpayer must have exhausted all administrative remedies and must not have unreasonably protracted the administrative or court proceeding. Sec. 7430(b)(1), (3); Corson v. Commissioner, supra at 205.  We do not award costs unless a taxpayer satisfies all of the section

7430 requirements.  Corson v. Commissioner, supra at 205-206;
Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

A taxpayer is the prevailing party if:  (1) The taxpayer
substantially prevailed with respect to the amount in controversy
or the most significant issue or set of issues; (2) the taxpayer
meets the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B);
and (3) the Commissioner's position in the court proceeding was
not substantially justified.  Sec. 7430(c)(4)(A) and (B)(i); see
also sec. 301.7430-5(a), Proced. & Admin. Regs.  The Commissioner
bears the burden of proving that his position was substantially
justified.  Sec. 7430(c)(4)(B)(i); Corson v. Commissioner, supra
at 206.

Respondent concedes that Mr. Hogan exhausted all his
administrative remedies with the Appeals Office.  Respondent also
concedes that Mr. Hogan has substantially prevailed under section
7430(c)(4)(A)(i) but asserts that Mr. Hogan is not the prevailing
party because respondent's positions were substantially
justified.  To prove substantial justification, respondent must
establish that his positions had a reasonable basis in fact and
law.  Before considering respondent's position we consider
whether Mr. Hogan unreasonably protracted this litigation.

II.  <u>Did Mr. Hogan Unreasonably Protract This Proceeding or
Justify the Delays in Resolution by Delinquent Filing</u>?

The Supreme Court has stated succinctly that "Bad things
happen if you fail to pay federal income taxes when due."  <u>Hinck
v. United States</u>, 550 U.S. 501, 502 (2007).  In this case, bad
things happened when Mr. Hogan did not pay pre-2001 liabilities,
filed his 2001 Federal income tax return late, and filed his 2001
amended Federal income tax return claim for carryback refunds
even later.  Mr. Hogan ultimately avoided the "bad things"
related to his failure to pay income taxes due for years before
2000 when his delinquent 2001 return was accepted and his related
claim for refunds resulting from carryback losses was also
accepted.  Mr. Hogan asserts, however, that this process took too
long and he should receive reimbursement for legal fees from the
time he filed the amended 2001 return on April 15, 2005.  The
2001 return was due in 2002, which raises the question of whether
if Mr. Hogan had filed a correct 2001 return and claim for net
operating loss carryback on time, the proposed collection action
would have been avoided.

This litigation began with the issuance of a notice of
determination on July 10, 2006.  At that time, respondent had not
completed consideration of Mr. Hogan's 2001 amended return, and
Mr. Hogan had yet to file amended returns for 1996 through 2000
based on the 2001 amended return.  In September 2007 the parties
filed a joint motion to remand the case to the Appeals Office to

consider the impact of the 2001 year on the prior years, and over 2 months later Mr. Hogan faxed a copy of the amended returns for years 1996 to 2000 to the Appeals Office.

It is noteworthy that Mr. Hogan's original Form 1040, U.S. Individual Income Tax Return, for 2001 reported income tax due and his amended return filed in April 2005 reported an NOL of over $1.7 million. The disparity between the two 2001 returns merited an audit and careful scrutiny by respondent. The audit reconsideration was completed in September 2006 and found that Mr. Hogan's NOL for 2001 was actually $1,696,840. This audit did not resolve whether the NOL was available to be carried back to the earlier years.

Respondent alleges the actual executed refund claims (Forms 1040X) for the earlier years were first given to respondent's counsel in June 2008, and Mr. Hogan does not deny this allegation but argues respondent was aware of the NOLs as early as April 2005. Mr. Hogan may be correct regarding the awareness of respondent's personnel, but the earlier Form 1045 filed in April 2005 did not result in an actionable claim to carry the loss from 2001 back to the earlier years, because under section 6411(d)(1)(B) such a tentative claim for refund had to be filed within a year of the last day of 2001. Mr. Hogan had the obligation to file the appropriate forms to seek the refunds and resolve this matter expeditiously, and Mr. Hogan was far from

prompt in this regard. Mr. Hogan maintains Appeals should have resolved his refund requests more quickly after the Forms 1040X were faxed on November 30, 2007. Mr. Hogan maintains this should have been accomplished in March, but Appeals did not know a Form 872 had been executed. Appeals approved the abatement requested in early May 2008 after Mr. Hogan had furnished a copy of the extension form. Regardless, the resolution of the refunds is not a basis for attorney's fees in this case because the current litigation does not provide this Court jurisdiction to determine refunds. See Greene-Thapedi v. Commissioner, 126 T.C. 1 (2006). The parties considered the refund claims in connection with preparing a stipulation of settlement at Mr. Hogan's insistence, but the present case was subject to resolution in March 2008 on the merits of the collection determinations Appeals had made. The 2-month delay in correctly reporting the refunds was only tangential to the merits of the present case. Regarding the settlement of the collection issues, Mr. Hogan first provided an executed copy of the refund forms to respondent's counsel only in June 2008. Therefore, Mr. Hogan's delay in submitting the original claim forms to counsel and Mr. Hogan's decision to tie agreement on the refund amounts to resolution of the collection matter prevents any relief through June 2008 at the earliest. We now turn to whether respondent's subsequent actions were substantially justified.

III. <u>Were Respondent's Actions After June 2008 Substantially Justified</u>?

By June 2008 respondent had abated tax and interest for 1996 through 2000, and the parties then drafted the stipulation which settled this case. Any legal fees would relate to whether the delay in submitting the stipulation which resolved the matter was substantially justified. As stated previously, the refunds in the earlier years are not within the jurisdiction of this Court in a collection action, and delay in providing those refunds is not part of this case.

The period from June until December 2008 was a reasonable delay in documenting this case in a stipulation given that such action was not respondent's unilateral responsibility. We find respondent's actions over this period to be substantially justified.

IV. <u>Conclusion</u>

Mr. Hogan's position is largely akin to a complaint about not winning the lottery after failing to buy a ticket. Mr. Hogan owed taxes and additions to tax which were subject to collection action. Mr. Hogan subsequently had a loss year but filed the delinquent return for that year incorrectly, then filed an amended return and then was slow in filing the returns required to carry the loss back to the collection years. All this reasonably delayed respondent's efforts to reach the correct result for the collection year. At every step respondent was

attempting to balance the collection of the prior delinquent taxes with the correct resolution of the carryback year. Mr. Hogan's dilatory behavior was very much a factor in the time it has taken to accomplish those goals.

We find that given the timing of Mr. Hogan's filings of the required documents in this case, Mr. Hogan's actions delayed the administrative processing of this collection matter and respondent's actions in the final months before the stipulation of settlement was filed were substantially justified. Therefore, Mr. Hogan's motion will be denied.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.